UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAMBERTO LUCARELLI, | : |
|    Plaintiff, | : |
|       vs. | :    No. 3:14cv0084(SRU)(WIG) |
| OLD SAYBROOK ETHICS COMMISSION, | : |
| CONNECTICUT FREEDOM OF | |
| INFORMATION ACT COMMISSION, | : |
| CONNECTICUT COURTS, and | |
| CONNECTICUT JUDICIAL REVIEW COUNCIL, | : |
|    Defendants. | : |

--------------------------------------------------------------X

ORDER ON MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Plaintiff, Lamberto Lucarelli, has filed a motion for leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915.  The decision to grant or deny leave to proceed *in forma pauperis* is committed to the sound discretion of the court.  *Monti v. McKeon*, 600 F. Supp. 112, 113 (D. Conn. 1984); *see also Denton v. Hernandez*, 504 U.S. 25, 34 (1992) (recognizing that denial of petition to proceed *in forma pauperis* is an "exercise of the court's discretion").  Applications to proceed *in forma pauperis* trigger a two-step process of review by the district court.  First, the Court must determine whether the litigant qualifies by economic status and, second, whether the cause of action asserted in the complaint is frivolous, malicious or without merit.  *Bey v. Syracuse University*, 155 F.R.D. 413, 414 (N.D.N.Y. 1994).

As required by § 1915, Plaintiff has attached to his motion a "Financial Affidavit in Support of Application to Proceed *In Forma Pauperis*."  Plaintiff, however, has failed to answer entire sections of this form.  Given the incompleteness of Plaintiff's affidavit, the Court is unable

to rule on Plaintiff's motion to proceed *in forma pauperis* at this time. While the allegations of the affidavit are typically accepted at face value, the Court may inquire into such allegations and demand more specific information if it is necessary for a proper assessment of the movant's financial status. *Monti*, 600 F. Supp. at 113. The statute further provides that the Court shall dismiss the case at any time under 28 U.S.C. § 1915(e)(2)(A) if the Court determines that the allegation of poverty is untrue. *See Vann v. Comm'r of N.Y. City Dep't of Correction*, 496 F. App'x 113, 116 (2d Cir. 2012) (upholding the dismissal of a complaint with prejudice where plaintiff submitted a false declaration in support of this application for *in forma pauperis* status).

Here, Plaintiff has failed to answer any of the questions concerning his obligations. Additionally, he has failed to indicate whether he has any assets other than the house and savings account that he and his brother jointly own. He states that he resides at his mother's house as an aide to his mother, but provides no information about any remuneration he may receive for these services. He lists no income or expenses. Plaintiff has also failed to answer the question regarding previous litigation in this District. A query of the filed cases reveals at least two other cases filed by a Lamberto Lucarelli.

Proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, without paying the filing fee normally required of civil litigants under 28 U.S.C. § 1914, is a privilege extended to individuals unable to pay such a fee. *See Holmes v. Hardy*, 852 F.2d 151, 153 (5th Cir.) ("There is no absolute right to proceed in court without paying a filing fee in civil matters."), *cert. denied*, 488 U.S. 931 (1988). Because Plaintiff has failed to submit a complete affidavit in support of his application, the Court is unable to determine whether Plaintiff satisfies the economic eligibility requirements for *in forma pauperis* status. *See Monti*, 600 F. Supp. at 114; *Wallin v. Miyard*, No.

07cv02575, 2008 WL 1923135 (D. Colo. Apr. 30, 2008); *Bey*, 155 F.R.D. at 413.

Accordingly, the Court orders Plaintiff to submit an amended affidavit in support of his motion for leave to proceed *in forma pauperis* within 20 days of the date of this Order. Should Plaintiff fail to submit a completed affidavit by May 19, 2014, the Court will recommend that Plaintiff's motion be denied.

SO ORDERED, this ___30th___ day of April, 2014, at Bridgeport, Connecticut.


                        ___/s/ *William I. Garfinkel*___
                        WILLIAM I. GARFINKEL
                        United States Magistrate Judge